Submitted on remand from the Oregon Supreme Court December 13, 2016, affirmed May 3, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KEITH ALLEN SCHMIDTKE,
*Defendant-Appellant.*

Deschutes County Circuit Court
14FE0657, 14FE0922;
A158927 (Control), A158928

395 P3d 968

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Shorr, Judge.

**PER CURIAM**

In this consolidated appeal, defendant appeals from two judgments of conviction. Defendant pleaded guilty to one count of escape in the second degree, ORS 162.155, one count of identity theft, ORS 165.800, and one count of theft in the first degree, ORS 164.055. We previously affirmed without opinion. *State v. Schmidtke*, 279 Or App 444, 381 P3d 1091, *vac'd and rem'd*, 360 Or 568, 385 P3d 78 (2016). Defendant then filed a petition for review, and the Supreme Court vacated our decision and remanded the case for reconsideration in light of its decision in *State v. Boyd*, 360 Or 302, 380 P3d 941 (2016). On appeal, defendant assigns error to the trial court's denial of his suppression motion. Specifically, defendant argues that the trial court erred in failing to suppress statements that he made to a police officer before the officer gave him *Miranda* warnings. As we discuss below, the trial court never made a ruling either granting or denying defendant's motion to suppress his pre-*Miranda* statements; it only denied his motion to suppress his post-*Miranda* statements. As a result, we do not reach the merits of defendant's argument and affirm.

When a defendant fails to secure a ruling on a motion, we cannot consider whether the trial court erred in denying the motion because there is no ruling for us to review. *See, e.g., Mayfly Group, Inc. v. Ruiz*, 241 Or App 77, 84, 250 P3d 360, *rev den*, 350 Or 530 (2011); *Miller v. Pacific Trawlers, Inc.*, 204 Or App 585, 595, 131 P3d 821 (2006). Here, defendant's lone assignment of error is that "[t]he trial court erred in denying defendant's motion to suppress his statements." Defendant's subsequent argument makes clear that defendant is specifically assigning error to the trial court's denial of his motion to suppress statements that he made to police *before* he received *Miranda* warnings. The problem, though, is that, although defendant specifically sought at the suppression hearing to suppress his pre-*Miranda* statements, the trial court reserved its ruling on the motion. Later in a written order, the court addressed only "Defendant's motion to suppress statements made by Defendant *after* being advised of his *Miranda* rights," which it denied. (Emphasis added.) The trial court never ruled on defendant's motion to suppress his pre-*Miranda* statements,

and defendant never attempted to secure a ruling on that part of his motion. As a result, because there is no ruling in the record for us to review, we do not reach defendant's arguments and, accordingly, affirm.

Affirmed.