No. 62 November 30, 2017 203

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Respondent on Review,*

*v.*

KEITH ALLEN SCHMIDTKE,
*Petitioner on Review.*

(CC 14FE0657, 14FE0922;
CA A158927 (Control), A158928;
SC S065098)

En Banc

On petition for review filed July 7, 2017; considered and under advisement on September 26, 2017.*

Kyle Krohn, Deputy Public Defender, Salem, filed the petition for review. Also on the petition was Ernest G. Lannet, Chief Defender, Office of Public Defense Services.

Keith A. Schmidtke, *pro se*, filed the supplemental petition for review.

No appearance *contra*.

PER CURIAM

The petition for review is allowed. The decision of the Court of Appeals is reversed and remanded to the Court of Appeals for further proceedings.

The supplemental *pro se* petition for review is denied.

_____
* Appeal from Deschutes County Circuit Court, Walter R. Miller, Jr., Judge. 285 Or App 340, 395 P3d 968 (2017)

## PER CURIAM

At issue in this case is whether, when a defendant files a motion to suppress all statements made during an encounter with police, and the trial court's ruling addresses some—but not all—of those statements, the defendant must again request suppression of the statements that the court failed to address to preserve the matter for appeal. We conclude that a defendant need not request suppression of the statements a second time.

Defendant was identified as a suspect in a car break-in. Police officers contacted defendant's probation officer, who issued a detainer authorizing defendant's arrest. An officer spotted defendant and called him by name. The officer identified himself as a police officer and told defendant to keep his hands visible. Defendant complied. The officer told him that he was being detained pursuant to the probation officer's order and handcuffed him. The police officer made a number of statements to defendant, to which defendant responded with incriminating statements. The officer then patted down defendant, arrested him, and gave him *Miranda* warnings.

The state charged defendant with, among other things, identity theft, first-degree theft, and second-degree escape. Defendant filed a single pre-trial suppression motion in which he sought to suppress all of the statements he made during his encounter with the officer, both before and after *Miranda* warnings were given, as well as some physical evidence. The trial court issued a written order in which it suppressed some physical evidence, denied suppression of other physical evidence, denied suppression of the post-*Miranda* statements, and gave defendant leave to file a motion to controvert a search warrant based on the suppression ruling. The order, however, did not explicitly address defendant's motion as to the suppression of the pre-*Miranda* statements. Defendant entered a conditional guilty plea and appealed the denial of his motion to suppress.

Before the Court of Appeals, the state conceded that defendant was in compelling circumstances before the officer administered *Miranda* warnings, but contended that defendant had not been interrogated. The Court of Appeals

affirmed without opinion. This court allowed review, vacated the Court of Appeals' decision, and remanded in light of our decision in *State v. Boyd*, 360 Or 302, 380 P3d 941 (2016). *State v. Schmidtke*, 360 Or 568, 385 P3d 78 (2016). The Court of Appeals then issued a *per curiam* opinion, explaining,

> "[A]lthough defendant specifically sought at the suppression hearing to suppress his pre-*Miranda* statements, the trial court reserved its ruling on the motion. Later in a written order, the court addressed only 'Defendant's motion to suppress statements made by Defendant *after* being advised of his *Miranda* rights,' which it denied. (Emphasis added.) The trial court never ruled on defendant's motion to suppress his pre-*Miranda* statements, and defendant never attempted to secure a ruling on that part of his motion. As a result, because there is no ruling in the record for us to review, we do not reach defendant's arguments and, accordingly, affirm.

*State v. Schmidtke*, 285 Or App 340, 341-42, 395 P3d 968 (2017).

Defendant petitioned for reconsideration, arguing that, because he preserved his argument regarding the pre-*Miranda* statements, he was not required to "take 'issue with the trial court's failure to address'" his argument in the trial court's written order. The Court of Appeals denied reconsideration. We allow defendant's petition for review and now reverse the decision of the Court of Appeals.

As this court held in *State v. Walker*, 350 Or 540, 550, 258 P3d 1228 (2011) when addressing a similar situation, "the fact that defendant did not take 'issue with the trial court's failure to address' her argument *** is not controlling. Once a court has ruled, a party is generally not obligated to renew his or her contentions in order to preserve them for the purposes of appeal." As in *Walker*, once defendant in this case filed a motion to suppress and the trial court ruled on that motion, defendant was not obligated to request a specific ruling on suppression of the pre-*Miranda* statements to preserve his contention for appeal. Rather, the trial court's failure to address the pre-*Miranda* statements amounted to an implicit denial of the motion to suppress that evidence. *Walker*, 350 Or at 550. Accordingly, we reverse and remand the decision to the Court of Appeals so that it can consider whether defendant's pre-*Miranda* statements

were the product of interrogation under *Boyd*. *See Delzell v. Coursey*, 354 Or 597, 318 P3d 749 (2013) (allowing petition for review and summarily reversing and remanding for further proceedings).

The petition for review is allowed. The decision of the Court of Appeals is reversed and remanded for further proceedings.

The supplemental *pro se* petition for review is denied.